Francis L. WALLACE, Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.

No. 5922.

District of Columbia Court of Appeals.

Argued Oct. 26, 1971.

Decided April 17, 1972.

William J. Garber, Washington, D.C., for petitioner.

George A. Ross, Washington, D.C., with whom Russell L. Carter and Bill L. Smith, Washington, D.C., were on the brief, for respondent.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

For the third time within two years we are called upon to decide the applicability of the District of Columbia Administrative Procedure Act (APA) to actions of the District Unemployment Compensation Board (hereinafter called the Board). Again, we reverse for noncompliance with the APA.

Petitioner, after his discharge from Lansburgh's Department Store, filed an application for unemployment benefits with the Board. The claims deputy made a written initial determination that petitioner was disqualified because he had been discharged for dishonesty on the job, and that the total amount of petitioner's potential benefits be reduced by $680.[1] Petitioner appealed this initial determination and a hearing was held before an appeals exam-iner. Thereafter, the appeals examiner issued a written decision reversing and setting aside the determination of the claims deputy. The employer appealed the decision of the appeals examiner to the Board under D.C.Code 1967, § 46–311(e), which provides in relevant part:

> The Board, under regulations prescribed by it, may permit further appeal [from the decision of the appeals examiner] by any party or may, upon its own motion, affirm, reverse, or modify the decision of the appeal tribunal or may set it aside and order a rehearing or the taking of additional evidence before the same or a different appeal tribunal. . . .

A hearing was held before the Board at which argument was heard from counsel for each party. No testimony was taken. The Board issued a decision reversing the order of the appeals examiner and reinstating the initial determination of disqualification. This appeal followed.

Petitioner contends that the Board failed to serve upon him a proposed order or decision pursuant to D.C.Code 1967, § 1–1509(d) (Supp. IV, 1971), which provides:

> Whenever in a contested case a majority of those who are to render the final order or decision did not personally hear the evidence, no order or decision adverse to a party to the case (other than the Commissioner or an agency) shall be made until a proposed order or decision, including findings of fact and conclusions of law, has been served upon the parties and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of those who are to render the order or decision, who, in such case, shall personally consider such portions of the exclusive record, as provided in subsection (c) of this section, as may be designated by any party.

1. This action was taken under D.C.Code 1967, § 46–310(b).

The Board does not dispute, and the record is clear, that the Board did not hear the evidence and no proposed order or decision was issued prior to the issuance of the final order.

■ More than a year ago, we specifically held that the District of Columbia Administrative Procedure Act[2] applies in all contested cases under the District of Columbia Unemployment Compensation Act, and we directed the Board to adopt procedures required by the APA. Woodridge Nursery School v. Jessup, D.C.App., 269 A.2d 199 (1970). More than three months before the instant case was argued, we reiterated our position and found "a noticeable failure by the Board to adhere to the statutory provisions which govern its administrative procedure" (citing the same section of the APA involved here). Hill v. District of Columbia Unemployment Compensation Board, D.C.App., 279 A.2d 501, 502 (1971). In spite of these precedents, counsel for the Board argues that the above-quoted section of the APA does not apply to decisions issued by the Board when it considers an appeal of the decision of an appeals examiner. As we have pointed out before, D.C.Code 1967, § 1-1501 (Supp. IV, 1971), states:

This chapter shall supplement all other provisions of law establishing procedures to be observed by the Commissioner, the Council, and agencies of the District government in the application of laws administered by them, except that this chapter shall supersede any such law and procedure to the extent of any conflict therewith.

This language is clear, unambiguous and unequivocal. Any procedures of the Board which do not comply with the APA are superseded.

The argument that the decision of the appeals examiner is also the proposed order of the Board, even though the Board has not designated it as such, is not consistent with the plain language of Section 1-1509(d).

The proper procedure to be followed by the Board and agencies with similar enabling statutes has been stated before.

Once the appeal [from the decision of the appeals examiner] has been filed with the Board and the other party has been given notice of the appeal, and before the Board can render its final decision, *the Board* must serve upon the parties a proposed decision, including findings of fact and conclusions of law. . . . (Footnote omitted. Emphasis added.) [Woodridge Nursery, *supra*, 269 A.2d at 201–02.]

■ Of course the Board may adopt, by regulation or by notice to the parties, the order or decision of the appeals examiner, provided findings of fact and conclusions of law are included therein as its proposed order, or serve a new proposed order or decision with new findings of fact and conclusions of law on the parties.

In *Woodridge Nursery, supra*, we directed the Board to revise its procedures to conform to APA standards. We repeat that order now.[3]

The Board's order.is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

So ordered.

2. D.C.Code 1967, §§ 1–1501 et seq. (Supp. IV, 1971).

3. During oral argument counsel for the Board indicated that some of the Board's procedures still do not conform to the APA. .