**Polly E. CAREY, Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.**

**No. 6298.**

District of Columbia Court of Appeals.

Argued Oct. 19, 1972.

Decided April 23, 1973.

---

6. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

Willie E. Cook, Jr., Washington, D. C., for petitioner.

George A. Ross, Washington, D. C., with whom Russell L. Carter and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

Petitioner, who is blind, had been employed for 21 years as an adjudicator with the Government Accounting Office. She was separated from this position for unsatisfactory work performance. Being now age 67, she meets, and has met for some time, the age and service requirements for a federal retirement annuity at such time as she applies for it. She chose not to apply for a retirement annuity, however, and subsequently filed a claim with the District Unemployment Compensation Board. Her claim was denied initially by a claims deputy. This was appealed to an appeals examiner, who, after a hearing, issued a decision affirming the initial denial of the claim. This decision was then appealed to the District Unemployment Compensation Board (the Board). The Board affirmed.[1]

The principal thrust of the Board's decision was that petitioner was not available for work within the meaning of D.C.Code 1967, § 46–309 due to

(a) Her physical impairment;

(b) Her feeble work search, and

(c) Her refusal to accept the aid of the U.S. Employment Service.

At oral argument on this appeal, counsel for the Board was unable to point to evidentiary support for the Board's finding that petitioner refused to accept the aid of the U.S. Employment Service. The Board was permitted to file a supplemental memorandum addressed to this issue.

The upshot is that in its supplemental memorandum the Board refers us to section 1–1509(b) of the District of Columbia

---

1. The Board apparently felt it was required by our decision in Wallace v. District Unemployment Comp. Bd., D.C.App., 289 A.2d 885 (1972), to issue both a Proposed Decision and a Final Decision in addition to the written decision of the appeals examiner. We will attempt to clarify later in this opinion why such a duplicative procedure is not required by *Wallace*.

Code which provides that an administrative agency may take official notice of a material fact not in the record, provided that any party to the proceeding is afforded an opportunity to rebut upon timely request. The Board argues that petitioner was apprised of the Board's intention to "officially notice" an agency record by the Board's Proposed Findings of Fact and Decision; and that petitioner waived her right to contest that fact by failing to request an opportunity to rebut "the evidence."

Unfortunately, neither the record certified to us on appeal nor the supplemental memorandum filed by the Board identifies the "official record" of which the Board allegedly took notice. From our examination of the record and from oral argument, we may surmise, however, that it is a document marked Exhibit 12, though this document was not actually introduced into evidence at the evidentiary hearing.

■■ But whether or not we can identify the document upon which the Board relies, the Board's argument that its Proposed Decision gave petitioner notice of the Board's intention to "officially notice" that or any other document is simply without substance—leaving aside the question of whether the "official record," whatever it may be, could be the proper subject of official notice.[2] The Proposed Findings and Decision merely refers to a refusal of petitioner to accept the aid of the U.S. Employment Service. But this finding did not notify petitioner that the Board was invoking its prerogative to take official notice of a nonrecord fact, assuming, of course, the doctrine of official notice was applicable. If an agency were permitted to make findings unsupported by evidence and then later simply categorize the findings as "official notice," the hearing process would quickly deteriorate. The agency must noti-

fy the parties that a material fact is being officially noticed so that the parties have an opportunity to rebut that fact. This the Board did not do.

The finding involved, if supported by evidence, would be very telling in our consideration of the issues in this case. But since, by the Board's own admission, it was not supported by evidence and since petitioner was not apprised of the basis for this finding so that she could attempt to rebut it, we must remand the proceeding. Our review of the record indicates that, upon remand, it would be desirable that the Board require the appeals examiner to conduct a full scale de novo hearing.

■ During the course of this review, we have noted that the Board has seemingly read our decision in Wallace v. District Unemployment Compensation Board, D.C. App., 289 A.2d 885 (1972), as requiring that after issuance of a recommended decision by an appeals examiner the Board is required to issue to the parties Proposed Findings of Fact and Decision with opportunity to file objections thereto before the Board issues its final decision. This construction by the Board is apparent from its action in this case in obtaining a remand of its Final Decision and the record from this court in order to issue a Proposed Findings and Decision to be later followed by another Final Decision. We were unaware of the specific purpose of the remand when we granted the Board's unopposed motion.

So that there may be no future misunderstanding on this score, our decision in *Wallace, supra,* was intended to convey that the Board is authorized to provide by a procedural rule that the appeals examiner's decision constitutes the Proposed Findings and Decision of the Board.[3] In so

---

2. Official notice is certainly not to be used as a technique for obtaining tardy agency consideration of just any evidence, no matter what its nature. The evidence must be of the type which is susceptible to "official notice." *See, e. g.,* K.

Davis Administrative Law Treatise §§ 15.-01, 15.03 (1958).

3. *See* Wallace v. District Unemployment Comp. Bd., *supra* note 1, at 887, where we said, "Of course, the Board may adopt,

doing the Board should at the time the appeals examiner's decision is issued provide a time limit in which to file with the Board objections to the appeals examiner's decision (which has become the Proposed Findings and Decision of the Board), with a date for oral argument before the Board on any such objections set at that time or at a later date.[4]

If the Board adopts such a rule, it would avoid a cumbersome and unnecessary procedure, and yet comply with the statutory provisions.

Remanded for further proceedings in accordance with this opinion.

---

by regulation or by notice to the parties, the order or decision of the appeals examiner, provided findings of fact and conclusions of law are included therein as its proposed order . . . ."

4. The Board is, of course, entitled to provide in any such procedural rule that in the absence of objections to the Proposed Findings and Decision (the appeals examiner's decision), the latter shall automatically become the findings, conclusions, decision and order of the Board; and all objections thereto would be deemed waived.