Michelle MACK, Appellant,

v.

ZALCO REALTY, INC., Appellee.

No. 91–CV–1526.

District of Columbia Court of Appeals.

Argued Feb. 25, 1993.

Decided Sept. 9, 1993.

---

Michelle Mack, appellant pro se.

Joanne Sgro, for appellee.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

TERRY, Associate Judge:

In this landlord-tenant case, the tenant appeals from a judgment of possession in favor of the landlord. Appellant makes several claims of error, all but one of which are either without merit or not properly before this court. The one exception is her contention that the trial court erred in failing to allow a *Drayton* stay[1] to remain in effect pending a final decision in her administrative appeal before the Rental Housing Commission (RHC). We agree with this contention and, accordingly, reverse the judgment and remand this case with instructions to reimpose the *Drayton* stay.

I

This suit, for possession of an apartment formerly occupied by appellant,[2] was filed by the landlord on January 24, 1989, after appellant had failed to pay rent due under her lease. Several weeks later, on March 14, appellant filed a complaint against the landlord with the Rental Accommodations and Conversion Division (RACD) of the District of Columbia Department of Consumer and Regulatory Affairs, the agency which regulates rental housing in the District of Columbia. In her RACD complaint, appellant alleged that the landlord was not properly registered with the RACD as a provider of rental housing and had imposed an illegal rent increase during her tenancy. *See* D.C.Code §§ 45–2515(f), 45–2516(a) (1990). On March 28 a judge in the Landlord and Tenant Branch of the Superior Court stayed this litigation, pursuant to *Drayton*, pending a decision by the RACD in the administrative proceeding.

On August 7, 1991, an RACD hearing examiner dismissed appellant's administrative complaint. Because the landlord had filed an amended registration form with the RACD in response to an interim order, appellant's first claim had become moot. In addition, the hearing examiner ruled that the challenged rent increase was exempt from the local rent control statute because the mortgage on appellant's apartment building was federally subsidized. *See* D.C.Code § 45–2515(a)(1) (1990). Appellant appealed to the RHC on August 23 from the decision of the RACD hearing examiner.

1. *See Drayton v. Poretsky Management, Inc.,* 462 A.2d 1115 (D.C.1983).

2. At oral argument appellant informed us that she vacated the apartment after the trial court entered judgment against her.

Approximately one month later, on September 26, 1991, the landlord filed a motion in the trial court to lift the *Drayton* stay. Following a hearing on October 8, attended only by counsel for the landlord, the court granted the motion and lifted the stay. Appellant's motion for reconsideration was denied, the court noting that it had granted the motion to lift the stay because appellant had not appeared in court to oppose it.[3] However, since the earlier ruling had been based on appellant's lack of opposition rather than on the merits, the court allowed appellant to make an oral motion at trial to reimpose the stay. A trial was held on November 25 on the landlord's complaint for possession, and at the end of it judgment was entered for the landlord.[4]

Before this court appellant raises numerous challenges to the proceedings before the RACD and in the trial court. She contends (1) that the RACD hearing examiner erred in finding that the landlord had properly registered with the RACD; (2) that the hearing examiner erred in concluding that the rent increase imposed by the landlord was not subject to the local rent control statute; (3) that the trial court improperly admitted certain evidence (unspecified exhibits offered by the landlord); (4) that the trial judge was "predisposed" against her; (5) that the trial court erred in lifting the *Drayton* stay while her appeal to the RHC from the RACD decision was pending; and (6) that the trial court erred in failing to notify her of the hearing at which it granted the landlord's motion to lift the *Drayton* stay. We address each of these contentions in turn.

## II

 Appellant's first two arguments, concerning whether the landlord was properly registered with the RACD and whether her apartment was exempt from the rent control statute because it was federally subsidized, raise issues related exclusively to her administrative complaint before the RACD. Appellant's challenges to the RACD examiner's rulings on these issues, however, were not properly before the trial court and cannot be raised in this appeal, which is limited to a review of what happened in the landlord and tenant court. A party contesting any decision of the RACD cannot seek direct review of that decision in either the Superior Court or this court, but must first take an appeal to the RHC, as appellant has done. The final decision of the RHC may then, and only then, be brought directly to this court by the filing of a petition for review under D.C.Code § 1–1510(a) (1992). Appellant's claims that the landlord is not properly registered with RACD and that the rent increase of which she complains is subject to the requirements of the rent control law must therefore be litigated first before the RHC, and can only be brought to this court if she seeks review of the RHC's final decision, which so far she has apparently not done.[5]

 As for appellant's third and fourth claims of error—her argument that the trial court erroneously admitted into evidence certain exhibits (not identified) offered by the landlord and her assertion that the trial judge was "predisposed"—we cannot resolve these claims because the record is too meager to enable us to do so. In particular, the record does not contain a transcript of the trial, which we would have to review in order to determine whether any error occurred in the course of the trial. Because any trial court judgment is presumed to be valid, "it is appellant's duty to present this court with a record sufficient to show affirmatively that error occurred." *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982) (citations omitted). This means, specifically, that it was appellant's duty in this case to ensure that a

---

3. Appellant asserted in her motion for reconsideration that she did not attend the October 8 hearing because she never received notice of it.

4. Appellant did move orally at trial to reimpose the *Drayton* stay, but her motion was denied.

5. We do not know whether the RHC has yet made a final decision in appellant's case. However, taking judicial notice of our own files and records, *see In re Marshall,* 549 A.2d 311, 313 (D.C.1988), we find that there is no pending petition for review in appellant's name from any decision of the RHC.

transcript was prepared by the court reporter and included in the record. The lack of a transcript is fatal to appellant's claims of trial error. We have no way of deciding whether the challenged exhibits were properly or improperly admitted; we do not even know what they were. Likewise, lacking a transcript, we cannot determine whether the trial judge was "predisposed" against appellant as she asserts.[6]

This brings us to the one contention of appellant that does have merit: her challenge to the lifting of the *Drayton* stay.

### III

■ Appellant argues that the trial court erred in lifting the *Drayton* stay pending the outcome of her appeal from the RACD decision to the RHC. We agree. In the *Drayton* case, *supra* note 1, this court held that "when there is pending before the [RACD] or RHC a challenge to a rent increase that bears upon the amount of rent owed by a tenant defending a possessory action brought for nonpayment of rent," the doctrine of primary jurisdiction requires the landlord and tenant court to "stay the action to await the ruling of the [RACD] *or, if an appeal is taken to the RHC, then of that body*." 462 A.2d at 1120 (footnote omitted; emphasis added). This means that the landlord had no right to have the stay lifted while appellant's administrative appeal was pending. On the contrary, appellant had a right to a continuation of the stay throughout the pendency of her appeal to the RHC, and perhaps even beyond.[7]

The landlord contends that the trial court did not err because appellant failed to seek

an administrative stay of the adverse RACD decision pending her appeal to the RHC. The regulations governing appeals before the RHC provide, in pertinent part, that "[a] party appealing a final decision of the [RACD] which awards other than the payment of money ... may seek a stay of the final decision by filing a motion [with the RHC]." 14 DCMR § 3805.1 (1991). The landlord contends that since the RACD decision did not award "the payment of money," and since appellant failed to request a stay from the RHC, the trial court was not compelled to continue the *Drayton* stay pending the outcome of the administrative appeal.

We are not persuaded that appellant's failure to seek a stay from the RHC affected in any way the trial court's duty to await the outcome of those administrative proceedings, as *Drayton* requires. It is not at all clear that the effect of the RACD decision was not to award "the payment of money," as that phrase is used in section 3805.1, in that it ratified a disputed rent increase.[8] *See* 14 DCMR § 3802.11 (1991) (defining the phrase "the payment of money" as encompassing "the award of rent increases to a [landlord]"). Thus the stay which appellee claims appellant failed to request may have arisen automatically. *See* 14 DCMR § 3802.10 (1991) (providing for an automatic stay when a disputed order involves the payment of money and the petitioner establishes an escrow account or obtains a bond). But we need not decide whether a stay arose automatically to resolve this appeal.

*Drayton* holds that, given the RACD's primary jurisdiction over the interpretation and implementation of the District of Co-

---

**6.** Appellant states in her brief:

The question regarding [the judge's] behavior is based on the fact that I was not allowed to present my case. Also it appeared that the judge inquired about my case before it was called. The decision was made with no deliberation after I tried to present argument.

Nothing in the limited record before us supports any of these assertions.

**7.** In a footnote in *Drayton,* we said that since the parties to a proceeding before the RACD "have the right to appeal the final decision of the [RHC] to this court, it follows that the trial

court should also await the outcome of any such appeal." 462 A.2d at 1120 n. 9 (citations omitted). Therefore, if the RHC rules against appellant and she files a petition for review of that ruling under D.C.Code § 1–1510(a), the *Drayton* stay must remain in effect until this court's final disposition of the petition for review.

**8.** Appellant's administrative complaint before the RACD alleged, in part, that the landlord had imposed an illegal rent increase during her tenancy.

lumbia's rent control law, the landlord and tenant court must await the outcome of any appeal to the RHC when confronted with a suit for possession in which the amount of rent is in dispute—as was the case here. Neither this holding nor the reasoning which underlies it [9] supports the proposition that appellant's decision to seek, or not to seek, a stay from the RHC during the pendency of an appeal to the RHC (or to this court from the RHC, for that matter) could deprive the agency of primary jurisdiction. There was an ongoing dispute between the parties over the amount of rent owed under the lease. The landlord's success in its suit in the landlord and tenant court, which was based on nonpayment of rent, was therefore contingent on a determination by the agency (subject to review by this court) that the amount of rent it claimed to be owed was lawful. Since there had not yet been a final administrative decision on that issue, the trial court should not have lifted the *Drayton* stay until the administrative proceedings, including all appeals, were completed.[10]

██ Finally, we deny the landlord's motion to dismiss this appeal as moot. Appellant has moved out of the apartment, which has been re-rented to a third party; consequently, she cannot regain possession even if she ultimately prevails in this litigation. The landlord contends that this state of affairs moots the instant appeal. We disagree. If appellant wins her appeal before the RHC, she may be entitled to a partial refund of the money she paid into the registry of the court while this case was pending, money which is now in the hands of the landlord. Indeed, she might even have a claim against the landlord for wrongful eviction, *see Camacho v. 1440 Rhode Is-*

*land Avenue Corp.,* 620 A.2d 242, 246 (D.C.1993), although that seems less likely. We need not and do not decide now whether such a claim might have merit. We conclude only that the bare fact that the apartment has been rented to a new tenant does not render this case moot.

The judgment of possession is reversed. This case is remanded to the trial court with directions to reinstate the *Drayton* stay, and for such further proceedings as may be appropriate.

*Reversed and remanded.*

---

**9.** *See United States v. Western Pacific R.R.,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956):
The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.... "Primary jurisdiction" ... applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.
*Id.* at 63–64, 77 S.Ct. at 165, quoted in *Drayton, supra,* 462 A.2d at 1118.

**10.** In view of our holding that the *Drayton* stay was erroneously lifted, we need not consider appellant's final contention that the trial court erred in failing to notify her of the hearing on the landlord's motion to lift the stay.