**Bernard RENARD, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

and

**Renovex, Inc., et al., Intervenors.**

No. 94–AA–379.

District of Columbia Court of Appeals.

Argued Feb. 23, 1995.

Decided March 28, 1996.

Benjamin T. Boscolo, for petitioner.

4. The trial judge did not abuse her discretion in denying appellant's motions for a continuance and for a new trial.

Vanessa Ruiz, Corporation Counsel at the time of briefing, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Gina M. Householder, Hagerstown, MD, with whom Michael D. Dobbs, Gaitherburg, MD, was on the brief, for intervenors.

Before WAGNER, Chief Judge, and TERRY and STEADMAN, Associate Judges.

WAGNER, Chief Judge:

Petitioner, Bernard Renard, seeks review of an order of the Department of Employment Services (DOES) denying his claim for workers' compensation benefits for failure to file the claim within the time period required by statute. The agency's decision was based upon the determination of the Hearings and Appeals Examiner (hearing examiner) that petitioner failed to present evidence to show that he timely filed a claim. Petitioner argues that DOES erred in failing to take official notice of its own records which established that he had filed his claim timely. We hold that DOES erred in concluding that official notice could not be taken of its own records in the case when the issue of the timely filing of the claim is disputed.

## I.

Petitioner's claim is based on injuries he sustained in a fall while working as a carpenter for intervenor, Renovex Construction Company (the employer), at a construction site on December 5, 1985. He claimed that he sought medical treatment for his injuries, but his shoulder never healed. Although petitioner never returned to carpentry work, he pursued other gainful employment commencing on August 22, 1986. Petitioner sought an award for temporary total disability benefits accounting from December 5, 1985, penalties, and accrued interest under the District of Columbia Workers' Compensation Act of 1979, D.C.Code §§ 36–301 to – 345 (1993) (the Act). Renovex sought a credit for overpayments.

The parties stipulated, and the examiner found as facts, among others, the following:

(1) that the petitioner's claim was within the jurisdiction of the Act; (2) that he sustained an injury on December 5, 1985 which arose out of, and in the course of, his employment; and (3) that the employer made voluntary payments of medical expenses and "a voluntary payment of compensation ... on or about June 13, 1991, on the face of which is recorded a statement that it covers temporary total disability benefits from December 6, 1985, to June 5, 1991." The employer challenged the timeliness of the claim, contending specifically that petitioner had failed to file his claim within one year after the injury and that voluntary payments thereafter did not waive the limitations defense. The hearing examiner declined to take official notice of the agency's records as evidence of the date of the filing of petitioner's claim. The examiner reasoned that he was precluded from doing so because "[j]udicial notice is limited to facts that are uncontroverted." He expressed the opinion that petitioner should have obtained a copy of the claim form from the case file and offered it into evidence. Therefore, having no other evidence in the record establishing that the date on which petitioner filed his claim was within one year of the employer's last voluntary payment of compensation, the examiner determined that the claim was not timely filed and denied the claim.

## II.

Petitioner argues that the agency erred in denying his claim as being barred by limitations. He contends that he filed his claim within one year of the employer's last voluntary payment as required by D.C.Code § 36–314(a) and that the agency erred in refusing to take judicial notice of petitioner's worker's compensation file which reflected the date on which he filed his claim. The employer argues that the examiner did not err in declining to take judicial notice because petitioner failed to request formally that he do so during the presentation of the evidence. Thus, the employer contends, the hearing examiner properly concluded that there was no evidence in the record to support petitioner's

assertion that the claim was timely filed.[1]

The hearing examiner declined to take judicial notice of the agency's records of petitioner's case as evidence of the date on which he filed his claim. The examiner stated as reasons for the ruling that

[c]ounsel [for petitioner] mistakenly relies on judicial notice to establish the timely filing of a claim. Judicial notice is limited to facts that are uncontroverted.

Citing Rule 201(b) of the Federal Rules of Evidence,[2] the examiner explained that where the fact of the filing of the claim was disputed, judicial notice could not be relied upon as evidence of the fact judicially noticed. The hearing examiner misperceived the principles governing judicial notice and their application to the circumstances presented. Before explaining why, we examine briefly the authorities underlying the use of judicial or official notice in presenting evidence in a case.

■■■ D.C.Code § 1–1509(b) (1992) recognizes the authority of an agency to take official notice of a fact. That section provides that "[w]here any decision of ... any agency in a contested case rests on official notice of a material fact not appearing in the evidence in the record, any party to such a case shall on timely request be afforded an opportunity to show the contrary." *Id.* Even before the enactment of this statutory provision, "it was well settled that an agency has the 'inherent right to take judicial notice of certain facts not presented in evidence.'" *Johnson v. District of Columbia Rental Hous. Comm'n,* 642 A.2d 135, 138 n. 6 (D.C. 1994) (quoting *Aquino v. Knox,* 60 A.2d 237, 239 (D.C.Mun.App.1948)). Facts officially noticed must be of the type which are susceptible to such notice. *Carey v. District Unemployment Compensation Bd.,* 304 A.2d 18, 20 n. 2 (D.C.1973). The contents of a

court's records are readily ascertainable facts, particularly appropriate for judicial notice. *See Mannan v. Board of Medicine,* 558 A.2d 329, 338 (D.C.1989) (citing 21 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5106, at 595 (1977)). Thus, generally, a court may take judicial notice of its own records. *S.S. v. D.M.,* 597 A.2d 870, 880 (D.C.1991) (citations omitted); 2 JOHN W. STRONG, MCCORMICK ON EVIDENCE § 330, at 396 (4th ed. 1992); *see also Mack v. Zalco Realty, Inc.,* 630 A.2d 1136, 1138 n. 5 (D.C. 1993) (citing *In re Marshall,* 549 A.2d 311, 313 (D.C.1988)).

■■■ The principle is likewise applicable to an administrative agency. An agency may take official notice of its own records. *See Johnson, supra,* 642 A.2d at 138–39. That does not mean that the agency must accept as true all facts set forth in the documents in its records. *Mannan, supra,* 558 A.2d at 338 (citations omitted). Here, petitioner did not seek to have the examiner take official notice of the claim in order to establish the truth of its contents. Rather, he sought only to establish that the official record of the agency in this case contained his claim form for which the agency recorded the date of filing. Contrary to the examiner's conclusion, evidence of the date on which the claim was filed was not the ultimate issue to be determined. Rather, it was supporting evidence of the timeliness of the claim, which required for its ultimate determination proof of other basic supporting facts such as the date of the last voluntary payment. *See Aquino, supra,* 60 A.2d at 240.

■■■ The agency's recordation of the date of the filing of a claim in its official records is the kind of fact most "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

---

1. The employer does not pursue before this court the argument made to the agency that the employer's voluntary payments after the expiration of the statutory period of limitations does not waive the limitations defense. Therefore, we do not address it.

2. Rule 201(b) of the Federal Rules of Evidence governs judicial notice of adjudicative facts and provides with respect to the kinds of facts which may be judicially noticed as follows:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

FED.R.EVID. 201(b).

be questioned." *See* FED.R.EVID. 201(b)(2). Adequate protection is afforded the opposing party by the statutory provision which allows an opportunity for challenge of a fact which is the subject of a request for official notice. *See* D.C.Code § 1–1509(b). "The agency must notify the parties that a material fact is being officially noticed so that the parties have an opportunity to rebut that fact." *Carey, supra,* 304 A.2d at 20. The hearing examiner could have taken official notice of its records reflecting the date on which petitioner filed the claim, which reflects that petitioner's claim was filed on March 11, 1992.[3] Given the examiner's finding that the last voluntary payment was made on June 13, 1991, the claim would be timely under D.C.Code § 36–314.[4]

The employer seems to contend, as the examiner suggested, that petitioner only requested to have judicial notice taken of the agency's records in closing argument.[5] This contention is not borne out by the record. The record of the hearing reveals that after the employer's exhibits were received into evidence, petitioner's counsel represented during opening statement that the parties had agreed that, with respect to the issue of limitations, the hearing examiner could take notice of the claim on file and the voluntary payment of compensation made on June 13, 1991. The employer's counsel agreed that the examiner could take notice of any claim form on file, although he indicated that he had not seen it at that point.[6] As previously stated, and as reflected in this same passage, the focus of the employer's limitations argument was that voluntary payments after expiration of the period of limitations did not waive the defense, not whether the examiner could take official notice of any claim form in the file. In closing, counsel for petitioner reminded the examiner of the parties' agreement that "judicial" notice could be taken of the file. Counsel stated in this regard:

> On the issue of limitation, I think we agreed that you can take judicial notice of the OWC claim file. I think it's undisputed that a 7A was not filed until sometime in 1992, March is what my file reflects, but I think that when you look at the OWC file and take judicial notice of when that was filed, you will see that the notice of claim was filed within the year of the voluntary payment of compensation which was made by Mr. Smith in 1991.

Under the circumstances, the examiner erred in concluding that official notice could not be taken of the claim form in the agency's file in determining the limitations question. Therefore, we remand the case to the agency for further proceedings consistent with this opinion.[7]

*So ordered.*

---

3. A claim must either be filed within one year of the injury or death or within one year after the date of the last payment made without an award for such injury or death. *See* D.C.Code § 36–314(a). In this case, the date of the last payment was on or about June 13, 1991. Petitioner's claim was filed March 11, 1992, which would have been timely.

4. D.C.Code § 36–314(a) provides in pertinent part:

> [T]he right to compensation for disability or death under this chapter shall be barred unless a claim therefor is filed within 1 year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within 1 year after the date of the last payment.

A "claim" is defined as a simple request for compensation which triggers the process of claim adjudication. *Ferreira v. District of Columbia Dep't of Employment Servs.,* 531 A.2d 651, 659–60 (D.C.1987).

5. In light of our disposition of the issue, we need not address whether such a request would have come too late for consideration.

6. The employer's counsel made the following representation on this issue:

> With regard to the statute of limitations, the claimant did not file a claim in this case until after, as far as I know, and I have yet to see a claim form. I don't think there is one in claimant's evidence. *But obviously you can take notice of that.* (Emphasis added.)

7. The agency must afford the respondent an opportunity to rebut any fact officially noticed. *See Carey, supra,* 304 A.2d at 20. If the issue is

resolved favorably to the petitioner, the agency must consider the remaining issues not reached

at the earlier hearing.