**Preston JONES, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES, Respondent.**

**The George Hyman Construction Company, Intervenor.**

**No. 87–1129.**

District of Columbia Court of Appeals.

Argued Nov. 3, 1988.
Decided Jan. 31, 1989.

Alan M. Perlman, Silver Spring, Md., for petitioner.

D. Stephenson Schwinn, Washington, D.C., for intervenor.

Respondent relied on the brief for intervenor.

Before ROGERS, Chief Judge, and FERREN and BELSON, Associate Judges.

FERREN, Associate Judge:

Petitioner, Preston Jones, seeks review of a decision of the Director of the Department of Employment Services (DOES) reversing part of a workers' compensation order granting him temporary total disability benefits. He contends that the Director was wrong as a matter of law in concluding that the hearing examiner erroneously accepted and relied on evidence submitted by the petitioner after the evidentiary hearing. Because we believe the Director failed to consider a regulation crucial to her decision, we reverse and remand.

---

## I.

In October 1985, petitioner, employed as a construction laborer for the George Hyman Construction Company (George Hyman), began to experience severe back pain after carrying heavy bricks for a few days. After undergoing two operations for a lower back injury, petitioner returned to work as a tool shed attendant on the recommendation of his physicians that he perform light duty work. Petitioner, however, stopped working for his employer on April 28, 1986, because of his continuing back pain. In June 1986, George Hyman offered petitioner a job as a flagman, but he declined the employment because he felt he could not stand on his feet. Petitioner's treating physician at that time, however, indicated that he could perform the flagman job.

Petitioner received temporary total disability benefits from October 15, 1985, through January 20, 1986, and from April 8, 1986, through April 13, 1986. On October 17, 1986, a hearing examiner conducted a hearing at which petitioner, claiming an inability to return to any gainful employment as a construction laborer, sought temporary total disability benefits from April 29, 1986, to the present and continuing, as well as a change of physicians. At the conclusion of the hearing, the hearing examiner ordered that the record remain open for thirty days for the receipt of additional specified documents and the deposition of a witness. During that period, on November 10, 1986, petitioner filed a motion requesting that the record be kept open in order that he could be examined by a new physician, Dr. Peter A. Moskovitz. The hearing examiner granted the motion on November 26, 1986, over the employer's objection, ordering that the record remain open until December 17, 1986, to allow for the examination and report of Dr. Moskovitz. (The record was in fact held open until March 6, 1987.) On March 25, 1987, the hearing examiner issued a compensation order granting petitioner temporary total disability benefits for the period from April 29, 1986, when he resigned his employment, through June 9, 1986, the date at which he was offered the flagman position, and from November 26, 1986, the date of Dr. Moskovitz's report finding petitioner totally disabled as a construction laborer, through the present and continuing.

On April 8, 1987, George Hyman took Dr. Moskovitz's deposition which it then submitted in support of its motion for reconsideration and modification of the compensation order filed on April 3, 1987. George Hyman claimed the Moskovitz deposition indicated that the hearing examiner had misunderstood the Moskovitz report and that, although petitioner could not perform heavy construction work, he was capable of performing as a flagman or a tool shed attendant.[1]

On administrative appeal, the Director of DOES reversed and set aside that portion of the March 25, 1987, compensation order awarding temporary total disability benefits on an ongoing basis from November 26, 1986, because this award relied in part on the post-hearing report submitted by Dr. Moskovitz.[2] The Director ruled that in light of George Hyman's opposition to admission of the doctor's report, the hearing examiner committed errors of law both in allowing the record to remain open for receipt of the report and in basing part of

---

1. On April 14, 1987, petitioner filed a request for imposition of a 20% penalty against George Hyman for failure to pay benefits in a timely manner. One week later, petitioner also filed his own motion for reconsideration claiming that the hearing examiner had erred in ignoring the psychological dimensions of petitioner's disability and should have included the period from June 10, 1986, to November 25, 1986, in its benefits award. On May 19, 1987, the hearing examiner issued a supplemental compensation order vacating his award of temporary total disability from November 26, 1987, to the present and continuing, and reopening the record for the submission of additional evidence on petitioner's entitlement to benefits after June 9, 1986. The examiner also granted petitioner's request for a 20% penalty on benefits for the period from April 29, 1986, to June 9, 1986.

2. The Director's decision also vacated and set aside the supplemental compensation order except for the 20% penalty the examiner assessed against George Hyman. This portion of the Director's decision is not before us on appeal.

his decision on it. In support of her ruling, the Director cited D.C.Code § 36–320(c) (1988), which provides that "no additional information may be submitted by the claimant or other interested parties after the date of the hearing, except under unusual circumstances...." The Director stated that petitioner's November 10, 1986, motion to leave the record open for Dr. Moskovitz's report did not reveal unusual circumstances warranting the hearing examiner's decision; nor did the hearing examiner's own November 26, 1986, order contain any specific findings of fact justifying his acceptance of the report.[3]

## II.

This court will uphold DOES's interpretation of the Workers' Compensation Act unless it is arbitrary, capricous, an abuse of discretion, or otherwise not in accordance with law. *See Smith v. District of Columbia Dep't of Employment Services,* 548 A.2d 95, 97 (D.C.1988) (citing D.C.Code § 1–1510 (1981); D.C.Code § 11–722 (1987)). We defer to the agency's reasonable construction of the statutory scheme it administers, *id.,* and will reverse only where the interpretation is "plainly erroneous or inconsistent with the enabling statute." *Lee v. District of Columbia Dep't of Employment Services,* 509 A.2d 100, 102 (D.C.1986) (citation omitted).

We are not obliged, however, "to stand aside and affirm an administrative determination which reflects a misconception of the relevant law...." *Thomas v. District of Columbia Dep't of Labor,* 409 A.2d 164, 169 (D.C.1979). Here, the Director's decision completely ignores 7 DCMR § 223.4 (1986), the agency's own regulation governing the reopening of evidentiary hearings for the receipt of additional evidence, which provides:

If the Hearing or Attorney Examiner believes that there is relevant and material evidence available which has not been presented at the hearing, the hearing may be adjourned or, at any time prior to filing of the compensation order, the hearing may be reopened for the receipt of the evidence.

As an unchallenged regulation, 7 DCMR § 223.4 (1986) is binding upon the Director, and has the force and effect of law. *See Dankman v. District of Columbia Bd. of Elections and Ethics,* 443 A.2d 507, 513 (D.C.1981) (en banc) (citations omitted). Thus, in construing the "unusual circumstances" provision of D.C. Code § 36–320(c) (1988) as applied to petitioner's workers' compensation claim, the Director was bound to consider this regulation. *See Cambridge Management Co. v. District of Columbia Rental Housing Comm'n,* 515 A.2d 721, 723 (D.C.1986) (agency bound by its regulations when interpreting governing statutes) (citations omitted).

Accordingly, we must reverse and remand the case to the Director for further proceedings. At a minimum, the Director shall explain her reasons, in light of DCMR § 223.4 and the applicable case law, for deciding the hearing examiner erred in reopening the record to receive the report of Dr. Moskovitz. The Director, of course, is free to reverse her decision, if she concludes that reversal is indicated. If the Director does reverse her decision, she is free to determine whether there is any statutory basis for reopening the case before the hearing examiner to receive in evidence the deposition of Dr. Moskovitz.

**REVERSED AND REMANDED.**

---

**3.** The Director also cited a 1986 DOES Hearings and Adjudications Section opinion, *Calvin v. Bender,* H & AS No. 84–429 (June 26, 1986), in support of her ruling that, where one party objects to keeping the record open for additional evidence, such evidence may not provide a basis for the agency's decision. While we do not assess the merits of the *Calvin* opinion, we note that both *Calvin* and *Carey v. District Unemployment Compensation Bd.,* 304 A.2d 18 (D.C.1973), on which *Calvin* relies, are inapplicable here. These decisions hold that after an evidentiary hearing, an administrative agency may not consider or base its decision on evidence not already part of the record without first providing notice to the parties and an opportunity to rebut that evidence upon timely request. *See Carey,* 304 A.2d at 20; *Calvin,* H & AS No. 84–429, at 2. There is no indication in the record that the agency failed to meet these requirements.