**Peter PARODI, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent,**

**Singleton Electric Company, and The
Hartford Accident and Indemnity
Company, Intervenors.**

No. 88–420.

District of Columbia Court of Appeals.

Argued March 29, 1989.

Decided June 20, 1989.

Peter J. Vangsnes, with whom Mark L. Schaffer, Washington, D.C., was on the brief, for petitioner.

William S. Hopkins, with whom Bonnie J. Brownell, Washington, D.C., was on the brief, for intervenors.

Respondent relied on the brief for intervenors.

Before FERREN and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

FERREN, Associate Judge:

Petitioner, Peter Parodi, seeks review of a decision of the Director of the Depart-

---

ment of Employment Services (DOES) affirming a compensation order denying him workers' compensation benefits. He contends the Director erroneously concluded both that the statutory presumption of compensability did not apply to his claim and that, if it did apply, the employer had rebutted it. Because we believe petitioner made a sufficient factual showing for the invocation of the presumption, and that his employer's evidence failed in rebuttal, we reverse and remand.

## I.

Petitioner, a journeyman electrician, seeks workers' compensation benefits for expenses incurred as a result of a hernia operation in October 1985.[1] At a DOES hearing, petitioner presented testimonial and documentary evidence that the hernia was related to his employment for the Singleton Electric Company (Singleton).[2] Both petitioner and his supervisor testified that on January 15, 1985, petitioner had engaged in unusually strenuous lifting at work, helping to move heavy equipment that weighed about 2,500 pounds. Although petitioner was sore after this particular job, he did not suffer any extended discomfort. Six months later, in July 1985, petitioner's physician discovered during a routine physical exam that claimant had a right inguinal hernia of moderate size. Petitioner presented a letter from his surgeon, Dr. O'Donnell, stating that the January 15, 1985, incident "may have been the origination of his hernia." Singleton did not call any witness on its behalf. However, it did introduce two medical reports

from Dr. Hartsock, who had examined petitioner on November 4, 1985. One report, issued on November 6, 1985, stated that petitioner's hernia was the result of the lifting episode on January 15, 1985. Dr. Hartsock's second report, dated November 20, 1985, said that "at this time it is difficult to determine a causal relationship" between the January 15th incident and the hernia, and that he was therefore "not certain" that the hernia was work-related. The hearing examiner denied petitioner's claim, finding "no competent evidence that claimant's hernia is related to his employment."

In his administrative appeal of the compensation order, petitioner argued that the hearing examiner had failed to apply the presumption of compensability of D.C.Code § 36–321(1) (1988),[3] and that properly applied that presumption remained unrebutted. The Director of DOES affirmed the compensation order, however, concluding in her April 1, 1988, decision that claimant had failed to provide the quantum of proof necessary to trigger the presumption.[4] She also decided that even if the presumption had been invoked, the employer had rebutted the presumption. On appeal, petitioner continues to assert that the evidence before the hearing examiner was sufficient to invoke the presumption that his injury arose from his employment, and that the presumption was not rebutted.

## II.

The D.C. Workers' Compensation Act's presumption of compensability, D.C.Code § 36–321(1) (1988), was "designed to effec-

---

1. Petitioner specifically asks for temporary total disability benefits to reimburse his company for wages paid him during his four week absence from November 4, 1985, to December 2, 1985, and for all of his medical expenses.

2. A second issue before the hearing examiner was whether petitioner had provided Singleton with timely notice of his injury. Because the hearing examiner concluded that petitioner had failed to prove work-relatedness, the compensation order never reached the notice issue.

3. D.C.Code § 36–321(1) (1988) provides:
   In any proceeding for the enforcement of a claim for compensation under this chapter it

shall be presumed, in the absence of evidence to the contrary:
   (1) That the claim comes within the provisions of this chapter....

4. The Director's decision reversed and vacated a prior decision in this case, which the Director had issued on February 9, 1988. In the earlier decision, the Director had applied the presumption of compensability to petitioner's claim and concluded that his hernia was work-related. This February order, which was vacated before it took effect, had then remanded the case to the hearing examiner for a determination of the notice issue and any other issue requiring resolution.

tuate the humanitarian purposes of the statute" and "reflects a 'strong legislative policy favoring awards in arguable cases.'" *Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 655 (D.C.1987) (citation omitted). We have held that, in order to invoke the presumption, a claimant must provide "some evidence of the existence of two 'basic facts': [1] a death or disability and [2] a work-related event, activity, or requirement which has the *potential* of resulting in or contributing to the death or disability." *Id.* at 655 (emphasis in original). Once the presumption is triggered, the burden of production shifts to the employer to set forth "substantial evidence" showing that the death or disability is not work-related. *Id.* at 655 & n. 5. Absent employer evidence "specific and comprehensive enough to sever the potential connection between a particular injury and a job-related event," the compensation claim will be deemed to fall within the purview of the statute. *Id.* at 655.

Although this court will uphold DOES's reasonable interpretation of the statutory scheme it administers, we will not affirm administrative determinations which reflect a faulty application of the law. *Jones v. District of Columbia Dep't of Employment Servs.*, 553 A.2d 645, 647 (D.C.1989); *Thomas v. District of Columbia Dep't of Labor*, 409 A.2d 164, 169 (D.C.1979). Contrary to the Director's ruling, we conclude that the evidence set forth at the hearing was sufficient as a matter of law both for the agency to invoke the statutory presumption of compensability and for petitioner to prevail on the issue of work-relatedness. Petitioner and his supervisor both testified that on January 15, 1985, petitioner had engaged in unusually heavy lifting, a work-related event. The medical evidence provided in Dr. O'Donnell's letter demonstrated that petitioner had suffered a hernia and that the January 15th incident may have caused, *i.e.*, had "the potential of resulting in," petitioner's hernia. *See Ferreira*, 531 A.2d at 655 (emphasis omitted). Furthermore, the employer's own medical evidence, namely the two reports by Dr. Hartsock, not only failed to rebut the presumption but were consistent with, if not more favorable to petitioner, than Dr. O'Donnell's letter. The Director's ruling to the contrary, assuming *arguendo* the presumption applied and finding the presumption rebutted, was legally erroneous.

Accordingly, because the DOES decision was "not in accordance with law," D.C. Code § 1–1510(a)(3)(A) (1987); *cf. Green v. District of Columbia Dep't of Employment Servs.*, 499 A.2d 870, 878 (D.C.1985), we must reverse and remand the case to the Director for further proceedings consistent with this opinion. In light of our conclusion that petitioner was entitled to a presumption of compensability and that that presumption was unrebutted by the employer's evidence, the issue of work-relatedness requires no further consideration.[5] The Director, of course, is free to

---

**5.** Our dissenting colleague would remand for application of the presumption of compensability but would not foreclose consideration of additional evidence from the employer on the issue of work-relatedness. Under the circumstances, that would be inappropriate. The issue of work-relatedness was before the hearing examiner; the employer, electing to call no witnesses, introduced two medical reports on that subject. At no time before the examiner's issuance of the compensation order did the employer move to reopen the record to submit additional evidence. *See* 7 DCMR § 223.4 (1986). Nor did the employer within 45 days of petitioner's application for review of the compensation order request leave from the Director to adduce additional evidence, even though petitioner's claim on administrative appeal was that the employer's evidence at the hearing did not

rebut the presumption of compensability. *See id.* at § 230.5 (movant must show reasonable grounds for failure to present the evidence at the initial hearing). The Director of DOES, after a review of the record properly before her, assumed *arguendo* the presumption of compensability and ruled that petitioner's injury was not work-related. Accordingly, the work-relatedness issue was squarely presented on appeal, and we have had to deal with the Director's merits ruling. In contrast, in *Jones v. District of Columbia Dep't of Employment Servs.*, 553 A.2d 645, 647 (D.C.1989), cited by the dissent, we declined to rule on the admissibility of a deposition, reserving that issue for the Director on remand, where that issue had not previously been addressed by the Director nor was it before us on appeal. Moreover, contrary to the implication of the dissent, nothing in our opin-

remand the case to the hearing examiner for resolution of the issues that remain.

*Reversed and remanded.*

TERRY, Associate Judge, concurring in part and dissenting in part:

I concur in the judgment of reversal and remand, and I join in Judge Ferren's opinion except for the last two sentences and footnote 5. I part company with my colleagues over their refusal to allow the employer, on remand, to present additional evidence (if it has any) on the issue of work-relatedness.

At this stage of the proceedings, we simply do not know if the employer has any other evidence which it failed to offer at the hearing, whether because of the examiner's erroneous ruling or for some other reason. Since we are remanding the case to the Department for further proceedings, I see no reason to foreclose the employer from presenting at the remand hearing any additional evidence it may have—including any evidence it may have obtained in the two and a half years since the earlier hearing—to overcome the statutory presumption of compensability. *See* D.C.Code § 36-321(1) (1988). Realistically, I doubt that the employer has such evidence, but I am not willing to close the door entirely to the possibility that it may exist. I would simply remand the case to the Department for further proceedings, leaving it to the Director (or the hearing examiner, if the case is sent back to him) to determine the course of those proceedings and the issues to be addressed. *See, e.g., Jones v. District of Columbia Department of Employment Services,* 553 A.2d 645, 647 (D.C. 1989) (on remand "[t]he Director ... is free to reverse her decision ... [and] to determine whether there is any statutory basis for reopening the case before the hearing examiner"); *Thomas v. District of Columbia Department of Labor,* 409 A.2d 164, 174 (D.C.1979) (upon holding that the presumption of involuntariness was not over-

come, case remanded "for appropriate action consistent with this opinion," but without further restriction); *cf. Lockhart v. Nelson,* — U.S. —, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (after appellate ruling that certain evidence was inadmissible at trial, retrial is not barred by Double Jeopardy Clause even though, without the inadmissible item, evidence would not have been sufficient to convict; government is free to introduce additional evidence, if it has any, at retrial).

---

ion in *Thomas v. District of Columbia Dep't of Labor,* 409 A.2d 164 (D.C.1979), suggests that we contemplated the taking of additional evidence on an issue which the agency addressed and we overruled as a matter of law. In sum, we see no

room for a remand—and retrial—of the work-relatedness issue given our conclusion that the Director erred as a matter of law on a record in which the employer had a full opportunity to make its case.