Preston JONES, Petitioner,

v.

## DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES, Respondent.

### The George Hyman Construction Company, Intervenor.

#### No. 89–1290.

District of Columbia Court of Appeals.

Argued Nov. 20, 1990.
Decided Dec. 19, 1990.

---

Alan M. Perlman, Silver Spring, Md., for petitioner.

Charles L. Reichel, Deputy Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel, Washington, D.C., was on the Statement in Lieu of Brief, for respondent.

D. Stephenson Schwinn, Washington, D.C., for intervenor.

Before ROGERS, Chief Judge, and FERREN and FARRELL, Associate Judges.

ROGERS, Chief Judge:

This is the second appeal in a case arising out of a claim for worker's compensation. The Hearing Examiner originally awarded benefits, relying in part on a doctor's report filed after the conclusion of the administrative hearing. The Director reversed, ruling that D.C.Code § 36–320(c) (1981) forbids the Hearing Examiner from admitting post-hearing evidence absent "unusual circumstances." Upon appeal this court remanded the case because the Director failed to consider the agency's own regulation governing the reopening of evidentiary hearings, 7 DCMR § 223.4 (1986). *See Jones v. District of Columbia Dep't of Employment Servs.*, 553 A.2d 645 (D.C.1989).

On remand, the Director affirmed her earlier decision, concluding that despite the regulation, the statute still requires a showing of unusual circumstances before the Hearing Examiner may receive post-hearing evidence. Petitioner appealed to this court. We defer to the agency's reasonable construction of its statute and regulations, and affirm.

I

The D.C. Workers' Compensation statute provides that "no additional information may be submitted by the claimant or other interested parties after the date of hearing, except under unusual circumstances as determined by the Mayor." D.C.Code § 36–320(c). Pursuant to that statute, the agency has promulgated a regulation governing the reopening of evidentiary hearings:

> If the Hearing or Attorney Examiner believes that there is relevant and material evidence available which has not been presented at the hearing, the hearing may be adjourned or, at any time prior to filing of the compensation order, the hearing may be reopened for the receipt of the evidence.

7 DCMR § 223.4 (1986). The court originally remanded this case for the Director to interpret the statute in light of the accompanying regulation. *See Jones, supra,* 553 A.2d at 647. On remand the Director

concluded that "the regulatory provisions of 7 DCMR § 223.4 governing the reopening of evidentiary hearings for the receipt of additional evidence must be interpreted under the guidelines of the 'unusual circumstances' requirement of the Act.... This is a two step process. First, there must be the showing of unusual circumstances, and only then can the hearing be reopened for material and relevant evidence." Because petitioner had failed to demonstrate any unusual circumstances which prevented petitioner from submitting Dr. Moscovitz' report at the hearing, the Director affirmed her decision reversing the compensation order.

Petitioner argues that the Director erroneously interpreted the statute and regulation, focusing on the statute's provision for receipt of additional evidence under "unusual circumstances *as determined by the Mayor*" (emphasis added). Petitioner argues that this provision gives the Mayor (and the agency to which the Mayor has delegated the responsibility, *see Hughes v. District of Columbia Dep't of Employment Servs.*, 498 A.2d 567, 570 (D.C.1985)) the authority to promulgate regulations defining the circumstances under which a hearing may be reopened. Petitioner contends that 7 DCMR § 223.4 should be interpreted as defining "unusual circumstances" under the Act to mean "relevant and material evidence which has not been presented at the hearing." Under petitioner's interpretation, the Hearing Examiner did not err in admitting the additional relevant and material medical report.

Our review of the Director's decision is limited to whether her interpretation of the regulation "is plainly erroneous or inconsistent with the enabling statute." *Lee v. District of Columbia Dep't of Employment Servs.*, 509 A.2d 100, 102 (D.C.1986). "[W]e must sustain the agency's interpretation even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance."

*Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C. 1988).

In this case the Director's construction of the regulation is reasonable. First, petitioner's reading of the regulation is difficult to reconcile with the statute. The agency has been delegated the authority to determine the meaning of the statutory phrase, "unusual circumstances." Under petitioner's analysis of the rule, unusual circumstances would be shown whenever relevant and material evidence was not presented at the hearing. Petitioner concedes that the permissive nature of the rule ("the hearing may be reopened") gives the examiner "control over the submission of post-hearing evidence," but he fails to explain how, under his interpretation, the examiner could ever exclude noncumulative relevant and material evidence not previously presented. Thus, 7 DCMR § 223.4, as read by petitioner, would effectively eliminate the requirement that a party show circumstances out of the ordinary in order to submit post-hearing evidence. The Director was free to reject petitioner's strained interpretation, and to conclude that 7 DCMR § 223.4 must be read in conjunction with the statutory "unusual circumstances" concept, and not as defining it, in effect, out of existence.[1]

Moreover, the Director's construction is consistent with traditional administrative agency practice. "Once a hearing has been held, it will not generally be reopened for the purpose of introducing new or additional evidence which could have reasonably been presented at the hearing." 4 J. Stein, G. Mitchell & B. Mezines, Administrative Law § 30.01 at 30–11 (1990). Some agencies allow post-hearing evidence, but only upon a showing of "good cause" for the failure to introduce the evidence at the hearing. *See id.; Cities of Campbell v. F.E.R.C.*, 248 U.S.App.D.C. 267, 278, 770 F.2d 1180, 1191 (1985) ("Reopening an evidentiary hearing is a matter of agency discretion, and is reserved for extraordi-

---

1. We note that the general requirement of relevance and materiality is already codified in 7 DCMR § 223.3.

nary circumstances") (citations omitted). Petitioner has cited no agency that allows post-hearing evidence as a matter of routine. The Director reasonably rejected an interpretation that would deviate from general agency practice.

■ We therefore affirm the Director's conclusion that the regulations do not alter the statutory requirement of unusual circumstances for receipt of post-hearing evidence. Moreover, because petitioner has failed to demonstrate any unusual circumstances justifying his failure to introduce the evidence at the hearing,[2] the Director properly reversed the Hearing Examiner's order relying on the improperly admitted evidence.

*Affirmed.*

**2.** Petitioner further contends that the Director should have remanded the case to the Hearing Examiner to determine whether there were unusual circumstances to justify admitting the post-hearing evidence. Petitioner has offered no explanation, however, for failing to procure and submit the medical report at the hearing. Nor has he suggested any ground on which the Hearing Examiner could find unusual circumstances that prevented him from submitting the report at the hearing. Under such circumstances, the Director reasonably concluded, as a matter of law, that to admit the report would be an abuse of discretion. *See* D.C.Code § 36-322(b)(2) (Director must reverse a compensation order if not supported by substantial evidence). Hence, a remand to the Hearing Examiner was unnecessary.