GEORGETOWN UNIVERSITY
HOSPITAL, et al.,
Petitioners,

v.

DEPARTMENT OF EMPLOYMENT
SERVICES, Respondent,

Lloyd R. Francis, Intervenor.

Nos. 93–AA–508, 93–AA–755.

District of Columbia Court of Appeals.

Argued Jan. 27, 1995.
Decided June 8, 1995.

Michael D. Dobbs, Spokane, WA, for peti-
tioners.

Mark L. Schaffer, Washington, DC, for
intervenor.

Before FERREN and KING, Associate
Judges, and MACK, Senior Judge.

FERREN, Associate Judge:

This case (*Francis II*) presents the question whether the Hearings and Adjudication Section (H & AS) of the Department of Employment Services (DOES) had jurisdiction over a request for modification, pursuant to D.C.Code § 36–324 (1993 Repl.), of a previously issued compensation order (*Francis I*) when that order was still on appeal to the agency's Director under D.C.Code § 36–322. We hold, on the particular facts of this case, that H & AS did not have jurisdiction. The modification relief requested in *Francis II* was not entirely severable from the order on appeal in *Francis I*. H & AS ruled in *Francis II*, for a second time, on at least one issue (authorization of surgery) that was still pending appeal to the Director in *Francis I*. The claimant (intervenor here) had not requested a remand of *Francis I* from the Director to H & AS, as permitted under D.C.Code § 36–322, for consideration of additional evidence before issuance of the Director's final decision. Nor has the Director made a final decision in *Francis I*, which we conclude is required before H & AS has jurisdiction under § 36–324 to modify any issue covered by the compensation order in *Francis I*. In sum, absent a *Francis I* remand or final decision under § 36–322, taking the case from the Director's hands, H & AS had no jurisdiction to modify under either § 36–322 or § 36–324. We therefore must reverse and remand for an order vacating the compensation order in *Francis II*.

## I.

On July 24, 1989, intervenor Lloyd R. Francis was injured while working as a nurse at Georgetown University Hospital. He filed a claim for relief under the District of Columbia Workers' Compensation Act of 1979, D.C.Code §§ 36–301 *et seq.* (1993 Repl.). In this initial claim, Francis sought (1) temporary total disability from March 29, 1990 to May 7, 1990, (2) temporary partial disability from May 8, 1990 to the present and continu-

1. The record does not reflect the date on which Francis filed his § 36–324 request for modification.

2. The hospital also filed a § 36–324 request for modification of the February 19, 1993 order

ing, and (3) authorization for surgery. H & AS held a hearing on October 18, 1990. The hearing examiner issued a decision on March 22, 1991 (*Francis I*) denying all requested relief on the ground that Francis's injury suffered at work "had resolved" before commencement of the period for which Francis sought compensation, and thus "the wage loss suffered by claimant [was] not related to his work injury of July, 1989."

On March 27, 1991, five days after the examiner's decision, Francis had surgery on his back. A few weeks later on April 19, 1991, Francis appealed the examiner's order in *Francis I* to the Director of DOES. (As of the date, almost four years later, when *Francis II* was argued in this court, the Director had not yet issued a decision in *Francis I*.)

After filing his administrative appeal in *Francis I*, Francis obtained written evidence that the surgery had revealed the existence of a herniated disk on the right side as the cause of the pain in his right leg. In light of this new evidence, Francis filed a request with H & AS, pursuant to D.C.Code § 36–324(a)(1), for modification of the *Francis I* order "based on a change of condition of a preexisting condition".[1] In this *Francis II* request for modification, Francis sought (1) temporary total disability benefits from March 25, 1991 and continuing, and (2) the medical expenses of his back surgery. On September 13, 1991, H & AS held a hearing on the request for modification and, on February 19, 1993, issued an order granting Francis the requested relief.

The hospital appealed the *Francis II* order to the Director.[2] After the Director failed to issue a decision within 45 days, the hospital appealed to this court pursuant to D.C.Code §§ 36–322(b)(2),–(b)(3).

## II.

Before analyzing this particular case, we summarize the portions of the statute at issue here.

("*Francis III*"). On November 30, 1993, H & AS held a hearing on the hospital's modification request. As of the date of oral argument in this appeal, H & AS had not issued a decision.

D.C.Code § 36–322 provides for review of H & AS compensation orders by the "Mayor" (in practice, by the DOES Director). Pursuant to § 36–322(a), an order becomes final 30 days after it is "filed with the Mayor" unless, pursuant to § 36–322(b)(2), a party files an appeal with the Director during that 30–day period. If the Director does not decide the appeal within 45 days, the compensation order is deemed a "final decision" for purposes of allowing a party to appeal the compensation order to this court. *See* D.C.Code §§ 36–322(b)(2),–(b)(3). Absent such appeal, the compensation order is not final until the Director rules. *See id.* § 36–322(b)(2) ("If a final decision is not rendered within such 45–day period the compensation order shall be considered a final decision *for purposes of appeal* pursuant to paragraph (3) of this subsection.") (emphasis added).

While the compensation order is on appeal to the Director, any party may seek a remand to H & AS "for further appropriate action." D.C.Code § 36–322(b)(2). Specifically:

If any party shall apply to the Mayor for leave to adduce additional evidence and shall show to the satisfaction of the Mayor that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the initial hearing before the Mayor, *the Mayor may order such additional evidence to be taken and to be made a part of the record.* The Mayor may modify his [or her] findings with respect to questions of fact, if supported by substantial evidence on the record considered as a whole. The Mayor may modify or set aside his [or her] original order by reason of such modified or new findings of fact. The application by a party for leave to adduce additional evidence shall stop the running of the 45 day period in which a decision by the Mayor must be rendered. If the Mayor remands the case, any party may apply for review within 30 days from the date a new compensation order is filed. A final decision must be rendered within 45 days from the date of the application for review of such new compensation order, and if not rendered within such period, then upon expiration of the 45 days such new compensa-

tion order shall be considered a final decision for purposes of [appealing the new compensation order to the District of Columbia Court of Appeals pursuant to] paragraph (3) of this subsection....

*Id.* (emphasis added). This procedure is clarified in the regulations, which indicate that the Director (not the Mayor) is responsible for deciding whether, upon application, to remand the case, and that the Director's remand sends the case, once again, to a "Hearing or Attorney Examiner." *See* 7 DCMR §§ 230.5, –.7.

■ In short, as a general rule under § 36–322, until there has been a final decision by the Director on an appealed compensation order, any request for modification of that order shall be addressed, pending appeal, to the Director, who is obliged to exercise discretion whether to remand the case for reconsideration, based on additional evidence, by a hearing examiner. *See Bennett v. District of Columbia Dep't of Employment Servs.*, 629 A.2d 28, 30 (D.C.1993); *King v. District of Columbia Dep't of Employment Servs.*, 560 A.2d 1067, 1073 (D.C.1989).

In contrast with § 36–322, there is a statutory provision, D.C.Code § 36–324, permitting a party to ask H & AS directly to modify a compensation order within one year (or in some cases within three years) after either "the rejection of a claim" or "the date of the last payment"—

where there is reason to believe that a change of conditions has occurred which raises issues concerning:

1) The fact or the degree of disability or the amount of compensation payable pursuant thereto;

D.C.Code § 36–324(a)(1). This is the statutory provision on which Francis relies on here.

■ We believe it is clear from the language and statutory scheme that § 36–324, permitting modification of compensation orders, generally presupposes modification of a final decision, either by H & AS (not appealed within 30 days) or by the Director (after appeal). The references to claim "rejection" and "last payment" imply a final decision.

Moreover, modifications based on additional evidence *before* final decision are expressly covered by the § 36–322(b)(2) remand procedure. When the compensation order is still on appeal to the Director, therefore, § 36–324 generally does not apply; a party may not seek H & AS modification of that order, based on "additional evidence," unless and until the Director, upon the party's application, remands the case for that purpose under § 36–322.[3]

### III.

█ The jurisdictional problem posed by this appeal has confronted DOES, administratively, on at least two prior occasions in *Jones v. George Hyman Constr. Co.,* Dir.Dkt. No. 87–17 (Dept.Empl., Sept. 18, 1987), and in *Petrie v. Charles P. Young Co.,* Dir.Dkt. No. 91–40 (Dept.Empl., Mar. 24, 1993). Both were instances where a worker's compensation case involved several issues addressed in a compensation order, all of which were appealed to the Director, after which other issues involving the same injury emerged while the administrative appeal was pending. The question, therefore, was whether the issues that arose during the appeal could be presented directly to H & AS under § 36–324, despite pendency of the appeal to the Director, without instead seeking a remand by the Director under § 36–322. These two jurisdictional decisions by the Director, which were not appealed to this court, add a gloss on the general rule that § 36–324 is unavailable to modify a compensation order on appeal to the Director. With respect to analysis of the issue presented in this case, *Jones* and *Petrie* are consistent with our interpretation of the applicable statutory provisions and regulations. They stand for the proposition that when an H & AS compensation order is still on appeal to the Director without a remand for additional evidence pursuant to § 36–322, H & AS will not have jurisdiction over a § 36–324 request for modification of that order, unless the issue on which the party seeks modification is entirely severable from the issues pending before the

Director. Only in the case of clear severability, therefore, will H & AS have jurisdiction to rule on a modification request under § 36–324 concerning a case pending administrative appeal which the Director has not remanded pursuant to § 36–322.

In *Jones,* Dir.Dkt. No. 87–17 (Dept.Empl., Sept. 18, 1987), H & AS issued an order granting an employee worker's compensation. Both the employer and the employee filed requests for modification of that order. The employee also filed a request for imposition of a 20% penalty based on the employer's failure to begin payment of benefits. The employer subsequently appealed the original compensation order to the Director pursuant to § 36–322. While the employer's appeal to the Director was pending, the hearing examiner issued a supplemental compensation order in response to the requests for modification and the request for a penalty. The Director then vacated the supplemental order on the ground that the hearing examiner did not have jurisdiction over the § 36–324 requests for modification because a § 36–322 appeal of the same case was pending before the Director:

Once a party files a timely application for a review of a compensation order with the Director, the Hearings and Adjudication Section has no jurisdiction to proceed on an application for a modification of a compensation order *until a pending application for review has been decided....* The primary reason that a pending application for review should be resolved before an application for modification is heard and ruled upon is that an application for modification presupposes the validity of the compensation order under review. The danger of acting upon an application for modification prior to a decision on a pending application for review is that if the application for review results in a reversal of the compensation order under review or a remand for further proceedings, *then such a reversal or remand could also have an impact on the modification order.*

**3.** If a party seeks modification based on a proffer of additional evidence after one of the parties has filed a petition in this court for review of a compensation order deemed final based on the

Director's failure to decide within the required 45 days, this court will decide in the first instance whether to remand for the taking of additional evidence. *See* D.C.Code § 36–322(b)(3).

Therefore, "judicial" economy is best served by allowing the Director to resolve a pending application for review before the hearing examiner proceeds on an application for modification.

*Id.* at 8–9 (internal citation and footnote omitted) (emphasis added). The Director, however, upheld that portion of the supplemental order granting the employee's request for a 20% penalty, noting that the penalty request was wholly severable from the other issues in the supplemental order:

> [T]he issue of the imposition of the 20% penalty is severable from the other issues addressed in the ... Supplement[al] Compensation Order. And, therefore, the Director concludes that the hearing examiner had jurisdiction to proceed with the resolution of the § 36–315(f) penalty issue, notwithstanding the fact that the [original] Compensation Order was pending review by the Director.

*Id.* at 6. *Jones* accordingly held that H & AS retains jurisdiction to rule on those aspects of a § 36–324 modification request that are not before the Director on a § 36–322 appeal. The reasoning is straightforward: when the modification issue is severable from all issues on appeal, there is no potential for conflict between the Director's eventual decision and the modification order.[4] For all practical purposes the modification proceeding, while concerning the same injury, is a different case from the one still on appeal to the Director.

The relationship between an appeal to the Director under § 36–322 and a request for modification under § 36–324 was further clarified by the Director's decision in *Petrie,* Dir.Dkt. No. 91–40 (Dept.Empl., May 24, 1993). In that case, the employer appealed an order granting compensation to the em-

ployee. Two years later, while the application for review by the Director was still pending, the employer filed a request with the hearing examiner to compel an independent medical examination of the employee. Relying on *Jones,* the examiner held that he did not have jurisdiction over the request because of the pending appeal. *See id.* at 2. The Director, however, reversed on the ground that the motion to compel an independent medical examination had not been expressed as a request for modification of the compensation order and that the motion in fact, if granted, would not be a modification of that order; it was completely severable from the issues on appeal. *Petrie* is consistent with *Jones* in suggesting that, when an appeal of an H & AS compensation order is pending before the Director on appeal, H & AS retains jurisdiction over issues that are entirely severable from the issues on appeal.[5]

■ Francis contends that *Jones* and *Petrie* support his argument in this case (*Francis II*) that H & AS had jurisdiction over his request for modification because the issues in his modification request are severable from the issues before the Director in *Francis I.* We cannot agree.

In *Francis I,* Francis sought (1) temporary total disability from March 29, 1990 to May 7, 1990, (2) temporary partial disability from May 8, 1990 to the present and continuing, and (3) authorization for surgery. The basic premise of the first hearing examiner's order, denying all requested relief, was that Francis's work injury "had resolved" before the period for which he sought compensation and, therefore, that neither his loss of wages nor his need for surgery was causally connected to the injury that Francis suffered at Georgetown University Hospital on July 24, 1989. On April 19, 1991, Francis appealed to

---

4. In *Jones,* this court eventually reversed the Director on an altogether different issue. *See Jones v. District of Columbia Dep't of Employment Servs.,* 553 A.2d 645 (D.C.1989). After the remand, we affirmed the Director's confirmation of her original decision. *See Jones v. District of Columbia Dep't of Employment Servs.,* 584 A.2d 17 (D.C.1990).

5. *Petrie* says, in effect, that the requested medical examination was not a requested "modification" because it was so severable from the compensa-

tion order on appeal that it could not even be considered part of the same matter. *Jones,* in contrast, recognized that there was a request for "modifications" of the order on appeal, but that one requested change was not at issue on appeal and thus was entirely severable from the order the Director was considering. Either way, the test is one of complete severability; it is not crucial to determine whether the request would technically amend the order or not.

the Director the order denying benefits in its entirety (*Francis I*).

In the request for modification (*Francis II*), filed after he had obtained the new evidence that became available as a result of surgery,[6] Francis sought (1) temporary total benefits from March 25, 1991 and continuing, and (2) the medical expenses of his operation. On February 19, 1993, H & AS issued an order granting all requested relief. While it is true that in the modification request Francis sought temporary total disability benefits for an altogether different period of time from the periods at issue in *Francis I*, we cannot say that the other issue involved in this modification request, namely authorization for the expenses of surgery, is entirely severable from the issues in *Francis I*.

The two basic premises of the order in *Francis I* are (1) no causal connection between the injury suffered by Francis at work and his loss of wages beginning on March 29, 1990, and (2) no such causal connection between Francis's injury at work and his need for surgery. H & AS's decision in *Francis II*, based on the new evidence proffered by Francis at the second hearing, amounts to a reversal of the causal connection finding. Although the examiner's decision in *Francis II* does not grant Francis compensation from March 29 through May 7, 1990 (the first issue in *Francis I*), it does authorize reimbursement for Francis's surgery on March 27, 1991—an issue in *Francis I*. Thus, the second hearing examiner, in finding a causal link between Francis's need for surgery in March 1991, and his original injury, necessarily rejected the first examiner's finding in *Francis I* (without benefit of the new evidence) that the work-related injury "had resolved" before March 29, 1990.

Accordingly, if the Director now affirms the denial of relief in *Francis I*, without having been asked to remand the case for consideration of additional evidence under § 36–322, there will be two contradictory decisions of record.[7] In these circumstances, we obviously cannot say that the Director's eventual decision in *Francis I* would not "have an impact on the modification order" in *Francis II*. *See Jones*, Dir.Dkt. No. 87–17, at 9. Indeed, the potential result here is not merely for the Director's decision to have an "impact" on the modification order but, more significantly, for the Director's decision and the modification order to be entirely at odds.[8]

---

6. Francis states in his brief that the evidence of a change of condition revealed by the surgery did not become available *in written form until after* the deadline for appeal of the first order had passed, and thus he could not have filed a timely request for reconsideration by H & AS before the decision was final and the appeal period expired.

7. We are sympathetic to Francis's concern that a request for remand by the Director under § 36–322 could have added substantially to the delay, and thus we understand why Francis, having a good-faith basis for pursuing modification under § 36–324, decided to take his chances with that possibility. Given the difficulties on occasion in determining whether a newly-asserted issue is or is not part of the compensation order pending on appeal, the Director should have a procedure for expediting remand requests under § 36–322 so that a party who seeks a modification pending administrative appeal will not have a difficult barrier in achieving that result. We recognize that in *Bennett* and in *King* we said that the Director is *"obligated* by statute to consider whether this proffered evidence was material and whether there were reasonable grounds for the failure to address such evidence in the initial hearing." *Bennett*, 629 A.2d at 30 (quoting *King*, 560 A.2d at 1073). But we merely were stressing that the Director is legally required to rule; we were not saying that the Director must engage in time-consuming, in-depth scrutiny. Nor, perhaps more importantly, is there any statutory reason why the Director could not delegate this "additional evidence" review under § 36–322 initially to H & AS for purposes of expediting consideration—provided, of course, that a suitable mechanism is created for keeping the Director informed and formally arranging for the § 36–322 remand when appropriate. In the court system, for example, initiative for a remand of a case pending appeal commonly comes from an indication by a trial judge that the remand will be useful in resolving the litigation. *See Horton v. United States*, 591 A.2d 1280, 1284 (D.C.1991); *Smith v. Pollin*, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952).

We further note that, on this record, we see nothing to preclude Francis from seeking a § 36–322 remand at this time. Or, if by now the Director has ruled in *Francis I*, § 36–324 presumably will be open to Francis free from any statutory time bar.

8. It is also possible, of course, that the Director will reverse in *Francis I* so that the decision would be consistent with the modification order. The possibility of inconsistent decisions, however, is sufficient to deprive H & AS of jurisdiction while the appeal of *Francis I* to the Director is pending. *See Jones*, Dir.Dkt. No. 87–17, at 9.

We therefore hold that, in light of this potential conflict, H & AS did not have jurisdiction over the § 36–324 modification request in *Francis II.*[9] We reverse and remand for entry of an order vacating the compensation order.

*So ordered.*

---

**9.** Because of our ruling that H & AS did not have jurisdiction over the modification request, we need not reach the hospital's other arguments on appeal.