# District of Columbia
# Court of Appeals

**No. 16-AA-1154**

PHILLIP O. BATTLE,

Petitioner,



F I L E D

JAN. 4, 2018

DISTRICT OF COLUMBIA
COURT OF APPEALS

 v.              **CRB-89-16**

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES,
Respondent,
 and

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
Intervenor.

On Petition for Review of an Order of the District of Columbia
Department of Employment Services - Compensation Review Board

BEFORE: Glickman, Easterly, and McLeese, Associate Judges.

**J U D G M E N T**

This case was submitted to the court on the transcript of record, the briefs, and without presentation of oral argument. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the decision of the Compensation Review Board is reversed and the case is remanded for further proceedings consistent with this opinion. As Washington Metropolitan Area Transit Authority (WMATA) failed to present sufficient evidence to rebut the presumption of compensability, the issue of compensability is not subject to reconsideration on remand. However, at least one other issue – the timeliness of Mr. Battle's notice to WMATA – remains for consideration.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: January 4, 2018.

Opinion by Associate Judge Stephen H. Glickman

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-AA-1154

PHILLIP O. BATTLE, PETITIONER,

v.

FILED 01/04/2018
District of Columbia
Court of Appeals
Julio Castillo
Clerk of Court

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

and

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, INTERVENOR.

On Petition for Review of an Order of the
District of Columbia Department of Employment Services
Compensation Review Board
(CRB-89-16)

(Submitted November 22, 2017     Decided  January 4, 2018)

*Krista N. DeSmyter* was on the brief for appellant.

*Sarah O. Rollman* and *Mark H. Dho* were on the brief for intervenor.

*Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General at the time, and *Loren L. AliKhan*, Deputy Solicitor General, filed a statement in lieu of brief for respondent.

Before GLICKMAN, EASTERLY, and MCLEESE, *Associate Judges*.

GLICKMAN, *Associate Judge*:  Phillip Battle petitions for review of the order denying his workers' compensation claim for temporary total disability benefits and associated medical costs.  The Compensation Review Board (the "CRB") affirmed the finding by an Administrative Law Judge (the "ALJ") that Mr. Battle's disabling back condition was not causally related to his employment.  Because we hold that there was insufficient evidence in the record to rebut the presumption that Mr. Battle's injury was caused or aggravated by his working conditions, we reverse and remand for further proceedings consistent with this opinion.

## I.

Mr. Battle worked for the Washington Metropolitan Area Transit Authority ("WMATA") for fourteen years as a bus driver.  As he later testified and the ALJ found, he drove for eight to fourteen or fifteen hours per day, and while driving his feet and head were "constantly moving."[1]  On January 7, 2015, Mr. Battle felt pain

---

[1]  As Mr. Battle described his work activity,

> [B]elieve it or not, my body does a whole lot.  It's more than just two hands on a steering wheel.  A lot of the signals are done on the floorboard, all your signaling is done on the floorboard.  So your left feet [*sic*] does something, your right foot does something, accelerate, brake.  Your hands are steering, your head is constantly

*(continued…)*

in his lower back.  He told his primary care physician that "while driving [the bus], the bumps aggravate[d] his pain."  His physician referred him to an orthopedic surgeon, Dr. Jerry Thomas, who treated Mr. Battle in 2015 for lower back and related left leg pain consistent with disc degeneration.  Dr. Thomas recommended pain management and physical therapy.  During this period, Dr. Thomas did not opine on the cause of the disc degeneration and pain that Mr. Battle was experiencing.  The physical therapist's February 2015 "Assessment/Diagnosis" states that Mr. Battle's lower back pain was "consistent with lumbar strain probably due to prolonged work hours involving repetitive twisting while driving [a] bus."

Mr. Battle's back and leg pain caused him to miss a number of days of work in 2015 in order to seek medical treatment and to recuperate.  Mr. Battle filed for workers' compensation benefits in April 2015.  He sought temporary total disability compensation for the days that he had to miss work to receive treatment for his disc degeneration and to recuperate, plus coverage of related medical treatment and authorization for continuing pain management.  WMATA opposed

---

*(…continued)*

moving for observation.  So your body is in constant motion.

the application primarily on the ground that Mr. Battle's back condition was not related to his employment.

In October 2015, at WMATA's request for an independent medical examination ("IME"), orthopedic surgeon Mark Rosenthal examined Mr. Battle and reviewed his medical records, including the physical therapist's notes. In his IME report, Dr. Rosenthal found that Mr. Battle "appears to have some mild lumbar degenerative disease." Noting that Mr. Battle "described a slow gradual onset of back pain," Dr. Rosenthal opined that "[t]here is no on-the-job incident which could have caused this pathology" and that Mr. Battle's condition "is simply not related to any accident that occurred on the job." Dr. Rosenthal did not address the possibility mentioned by Mr. Battle's physical therapist that Mr. Battle's lumbar distress was due to the cumulative trauma of his "prolonged work hours involving repetitive twisting while driving [his] bus."

Prior to the hearing before the ALJ, Mr. Battle's treating orthopedic surgeon submitted a report on the nature, symptoms, treatment, and cause of his medical condition. Noting, among other things, that a lumbar MRI had confirmed "significant L5-S1 disc degeneration and disc bulging with possible nerve root impingement," Dr. Thomas concluded that

> While the cause of his disc degeneration, low back pain, and left leg radicular symptoms cannot be identified with absolute certainty, numerous studies have confirmed that people engaged in a profession requiring prolonged sitting and driving are at increased risk of developing lumbar disc degeneration, especially at L5-S1. Based upon the patient's prolonged driving history it is likely that his job at least partially contributed to his condition and almost certainly aggravated his symptoms.

The ALJ held a hearing on May 19, 2016. The two contested issues before her were whether Mr. Battle's disc degeneration and symptomatology were causally related to his work and whether Mr. Battle had given WMATA timely notice that he had sustained a job-related injury. The ALJ heard testimony only from Mr. Battle. All the other evidence was documentary. It included Mr. Battle's medical and physical therapy records and the reports of Dr. Thomas and Dr. Rosenthal. Neither doctor testified at the hearing or was deposed. Regarding the issue of causation, Mr. Battle relied on Dr. Thomas's opinion that his disc degeneration was most likely due at least in part to the cumulative trauma of his years driving a bus, rather than to any single accident or work-related event. WMATA, on the other hand, relied on Dr. Rosenthal's IME report to argue that Mr. Battle's disability was the result of a non-work-related degenerative condition.

In a compensation order issued on June 17, 2016, the ALJ found that Mr. Battle had "produced sufficient evidence through his medical records to invoke the

presumption that his current back pain and left leg radiculopathy are causally related to his work injury," but that WMATA had produced sufficient evidence with Dr. Rosenthal's IME to "sever the connection and rebut the presumption." In so ruling, the ALJ rejected Mr. Battle's argument that the IME report failed to rebut the presumption because it did not address the theory of cumulative trauma on which he based his claim of a causal relationship.

The ALJ therefore reviewed the evidence without giving Mr. Battle the benefit of any presumption in order to determine whether he had shown by a preponderance of the evidence that his condition was causally related to his employment. Acknowledging that the opinion of a treating physician is usually preferred over that of a physician retained solely for purposes of litigation, the ALJ nonetheless found Dr. Rosenthal's causation opinion to be "more thorough," and hence entitled to "greater weight," than Dr. Thomas's opinion. The latter opinion, she noted, was first provided only two days before the hearing and appeared to be "based on studies and not a specific examination of" Mr. Battle.[2] Accordingly, the

---

[2] The ALJ commented that "[b]ased on [Dr. Thomas's] opinion, every bus operator for [WMATA] is subject to disc degeneration." She also stated that "Dr. Thomas doesn't provide any examination notes to support his opinion," that "[t]here are no notes in any of the medical records regarding a work injury or [stating that] the back pain was due to work activities," and that none of Mr. Battle's doctors had "made a direct correlation [between] his employment and his

*(continued…)*

ALJ denied Mr. Battle's workers' compensation claim on the ground that his disability was not "medically causally related to a work place injury on January 7, 2015." In resolving the claim on this ground, the ALJ found it unnecessary to reach the other issue before her: whether Mr. Battle gave WMATA timely notice of his claim.

The CRB affirmed the ALJ's ruling. It agreed with Mr. Battle that he was "properly provided . . . the presumption of compensability" afforded under the Workers' Compensation Act. However, the CRB agreed with the ALJ's determination "that Dr. Rosenthal's opinion was specific and comprehensive [enough] to rebut the presumption" notwithstanding Dr. Rosenthal's failure to address whether Mr. Battle's disc degeneration was caused or aggravated by cumulative trauma in the workplace. The CRB stated that the record "lack[ed] evidence" that Mr. Battle had "endured repeated exposure to a trauma or harmful conditions" other than Dr. Thomas's opinion, which the CRB (like the ALJ) discounted as being only "a general statement based on numerous studies" and not "specific" to Mr. Battle or based on Dr. Thomas's examination of him. (Like the

---

*(…continued)*
disability." The ALJ did not mention the physical therapist's note, which was consistent with Dr. Thomas's opinion as to causation.

ALJ, the CRB did not take note of the assessment of Mr. Battle by his physical therapist.)   The CRB further concluded that, with the presumption of compensability out of the case, the ALJ did not err in favoring the causation opinion of Dr. Rosenthal over that of Dr. Thomas, given that Dr. Thomas's opinion was "not consistent with his previous medical records."[3]

## II.

> In conducting our review, "[w]e must determine first, whether the agency has made a finding of fact on each material contested issue of fact; second, whether the agency's findings are supported by substantial evidence on the record as a whole; and third, whether the [Board's] conclusions flow rationally from those findings and comport with the applicable law."  . . .  Although our review of agency decisions is deferential, it is by no means "toothless." Our principal function "in reviewing administrative action is to assure that the agency has given full and reasoned consideration to all material facts and issues."[4]

---

[3]   Neither the ALJ nor the CRB identified any prior records that were inconsistent with Dr. Thomas's opinion, and we are not aware of any such conflicts.  We surmise that the CRB meant only that the prior medical records (other than the physical therapist's report) did not address the cause of Mr. Battle's disc degeneration and pain symptoms or link them to his job.

[4]   *Georgetown Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 916 A.2d 149, 151 (D.C. 2007) (quoting *Mills v. District of Columbia Dep't of Emp't Servs.*, 838 A.2d 325, 328 (D.C. 2003), and *Dietrich v. District of Columbia Bd. of Zoning Adjustment*, 293 A.2d 470, 473 (D.C. 1972)).

Because the ALJ and the CRB did not reach the timeliness-of-notice question, the only contested material factual issue before us is whether Mr. Battle's disc degeneration injury and symptomatology were causally related to his work as a bus driver with WMATA. The dispositive inquiry, we conclude, is whether substantial evidence in the record supports the determination that WMATA rebutted the statutory presumption in favor of compensability.

The District of Columbia Workers' Compensation Act (the "Act" or the "WCA") establishes a presumption that a "claim comes within the provisions" of the Act.[5] In order to invoke this presumption, the claimant must show "a death or disability and a work-related event, activity, or requirement which has the *potential* of resulting in or contributing to the death or disability. . . . The presumption then operates to establish a causal connection between the disability and the work-related event, activity, or requirement."[6] Importantly, for present purposes, "the nature of the potential cause of the disability need not be a discrete, particularized event. . . . It is sufficient to show that a work condition or activity which is gradual or progressive in nature potentially resulted in or contributed to the

---

[5] D.C. Code § 32-1521 (1) (2012 Repl.).

[6] *Ferreira v. District of Columbia Dep't of Emp't Servs.*, 531 A.2d 651, 655 (D.C. 1987) (emphasis in original).

disability."[7]  In addition, "an aggravation of a preexisting condition may constitute a compensable accidental injury . . . .  The fact that other, nonemployment related factors may have also contributed to, or additionally aggravated [a] claimant's malady, does not affect his right to compensation under the 'aggravation rule.'"[8] An individual may satisfy the causation requirement by showing that work activities, even if they are not strenuous, aggravated a condition not initially caused by her employment.[9]

"Once the presumption is triggered, the burden is upon the employer to bring forth 'substantial evidence' showing that death or disability did not arise out of and

---

[7]  *Id.* at 656-57 (adding that "[n]umerous cases in this jurisdiction illustrate the principle that 'repeated trauma' or 'cumulative exposure' to conditions or activities which potentially result in or contribute to disability or death satisfy the causality requirement of 'accidental injury'"); *see also King v. District of Columbia Dep't of Emp't Servs.*, 742 A.2d 460, 469 (D.C. 1999) ("it is settled that injury resulting from cumulative trauma in the workplace is compensable under the WCA").

[8]  *King*, 742 A.2d at 468 (internal quotation marks and brackets omitted).

[9]  *See Davis-Dodson v. District of Columbia Dep't of Emp't Servs.*, 697 A.2d 1214, 1216-17 (D.C. 1997) (a workers' compensation claimant successfully satisfied the causation requirement when medical examinations showed that she had a pre-existing disc degeneration condition that was aggravated by her entirely sedentary job).

in the course of employment."[10] "Stated otherwise, the statutory presumption may be dispelled by circumstantial evidence specific and comprehensive enough to sever the potential connection between a particular injury and a job-related event."[11] If the employer fails to present such evidence, "the issue of work-relatedness requires no further consideration" and "the compensation claim will be deemed to fall within the purview of the statute."[12]

Both the ALJ and the CRB held that the presumption of causality was triggered in this case. WMATA does not challenge this finding on appeal. We agree that there is sufficient evidence in the record to trigger the presumption. Mr. Battle described the physical activity involved in sitting behind the wheel for eight to fifteen hours a day for fourteen years. The medical records in evidence reported that he told his primary care physician that "while driving, the bumps aggravate[]

---

[10] *Ferreira*, 531 A.2d at 655.

[11] *Id.* (quotation marks omitted).

[12] *Parodi v. District of Columbia Dep't of Emp't Servs.*, 560 A.2d 524, 526 (D.C. 1989). If the employer does present sufficient evidence to rebut the presumption, then it "drops out of the case entirely. The burden then reverts to the claimant to prove by a preponderance of the evidence, without the aid of the presumption, that a work-related injury caused or contributed to his or her disability." *Washington Post v. District of Columbia Dep't of Emp't Servs.*, 852 A.2d 909, 911 (D.C. 2004).

his pain[;]" that Mr. Battle's physical therapist found his back pain to be "consistent with lumbar strain probably due to prolonged work hours involving repetitive twisting while driving [a] bus[;]"[13] and that the orthopedic surgeon who was treating Mr. Battle deemed it likely, based on "numerous studies," that the conditions of his job as a bus driver contributed to his disc degeneration "and almost certainly aggravated his symptoms."[14] This evidence sufficed to show a work activity having the potential to contribute to causing or aggravating his disability.[15]

---

[13] Physical therapy reports are admissible as evidence in workers' compensation cases. *See Olson v. District of Columbia Dep't of Emp't Servs.*, 736 A.2d 1032, 1038 (D.C. 1999) (rejecting claimant's contention that the ALJ should not have relied on a report by her physical therapist).

[14] The record thus does not support the CRB's statement that there was no evidence that Mr. Battle had "endured repeated exposure to a trauma or harmful conditions" other than Dr. Thomas's opinion.

[15] *See, e.g.*, *Hensley v. Washington Metro. Area Transit Auth.*, 655 F.2d 264, 268-70 (D.C. Cir. 1981) (holding claimant entitled to presumption that aggravation of his pre-existing psoriasis was due to the rough and stressful driving conditions he experienced over a two-month period in his job as a bus driver); *Miller Transporters, Inc. v. Guthrie*, 554 So. 2d 917, 919 (Miss. 1989) (upholding finding of compensable work injury based on medical opinion that claimant's pre-existing non-work-related back condition was aggravated by the "repeated trauma" of his work as a long-distance truck driver)..

We do not see that WMATA shouldered its burden to rebut the presumption of causation with substantial evidence that Mr. Battle's medical condition was not work-related. The CRB and the ALJ erred in concluding that Dr. Rosenthal's opinion was specific and comprehensive enough to sever the potential connection between the cumulative trauma Mr. Battle experienced from driving a bus for fourteen years and his disabling back injury. Dr. Rosenthal opined that Mr. Battle's "slow gradual onset of back pain" and "mild lumbar degenerative disease" were not job-related only because they could not be attributed to any "incident" or "accident" on the job – in other words, only because they were not caused or aggravated by a single traumatic occurrence. But this was not the theory of causation that Mr. Battle advanced. Dr. Rosenthal did not even address, let alone counter, Mr. Battle's "cumulative impact" theory of causation or aggravation. Moreover, while the ALJ and the CRB characterized Dr. Thomas's opinion as being based only on "numerous studies" rather than his examination of Mr. Battle (something of a mischaracterization, in our view[16]), that too does not refute the

---

[16] It is undisputed that Dr. Thomas examined Mr. Battle and found him to have "significant L5-S1 disc degeneration and disc bulging with possible nerve root impingement." And if numerous creditable medical studies "have confirmed that people engaged in a profession requiring prolonged sitting and driving are at increased risk of developing lumbar disc degeneration, especially at L5-S1," we

*(continued…)*

"cumulative impact" theory with substantial evidence that his condition was not work-related.

"Under our Act, if one theory of employment causation has the potential to result in or contribute to the disability suffered, the presumption is triggered."[17] If the employer fails to address and rebut that theory with substantial evidence, the presumption of compensability stands.[18] Accordingly, we reverse the decision of the CRB and remand for further proceedings consistent with this opinion. As WMATA failed to present sufficient evidence to rebut the presumption of compensability, the issue of compensability is not subject to reconsideration on

---

*(…continued)*
fail to see why that does not provide reasonable support for Dr. Thomas's opinion and Mr. Battle's "cumulative impact" theory of causation in this case.

[17] *Ferreira*, 531 A.2d at 660.

[18] We therefore do not reach the question of whether, without the presumption of compensability, the finding that Mr. Battle's injury was not work-related is supported by substantial evidence in the record and may be upheld despite the failure to accord the usual preference to the opinion of the claimant's treating physician. *See Stewart v. District of Columbia Dep't of Emp't Servs.*, 606 A.2d 1350, 1353 (D.C. 1992).

remand.[19]  However, at least one other issue – the timeliness of Mr. Battle's notice to WMATA – remains for consideration.

*So ordered.*

---

[19]  *See Parodi*, 560 A.2d at 526 & n.5; *see also Jackson v. District of Columbia Dep't of Emp't Servs.*, 979 A.2d 43, 52 (D.C. 2009); *Mexicano v. District of Columbia Dep't of Emp't Servs.*, 806 A.2d 198, 206 (D.C. 2002).